UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ANTHONY BRIDGET,<br><br>Plaintiff,<br><br>v.<br><br>TELECARE CORPORATION, LA CASA MENTAL HEALTH REHABILITATION CENTER, KIM ISHIMIA; and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No. 2:19-cv-01224-AB (JCx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |
|---|---|

Before the Court is Plaintiff Anthony Bridget's ("Plaintiff") Motion to Remand, filed March 15, 2019. (Dkt. No. 16.) Defendants Telecare Corporation, La Casa Mental Health Rehabilitation Center, Kim Ishimine, and DOES 1 through 100 inclusive (collectively "Defendants") opposed the motion, and Plaintiff filed a reply. (Dkt. Nos. 17-18.) The Court deemed this matter appropriate for decision without oral argument and took the matter under submission. *See* Fed. R. Civ. P. 78; C.D. Cal. L. R. 7-15. For the following reasons, the Court **DENIES** Plaintiff's Motion.

## I.  BACKGROUND

Plaintiff worked at Telecare Corporation from December 7, 1999 to March 9, 2018, the date he was terminated. (Dkt. No. 1-1 ("Compl.") ¶¶ 8, 12.) During the

course of his employment, Plaintiff was a member of a labor union, and a collective bargaining agreement ("the CBA") governed the terms of his employment. (*See* Dkt. No. 1, Notice of Removal ("NOR") ¶ 10.) The CBA outlines the grievance and arbitration procedures to resolve employment disputes. (Dkt. No. 17, Defs.' Opp'n to Mot. to Remand ("Opp'n") at 6.) The CBA was in effect at the time of Plaintiff's termination. (NOR ¶ 10.)

On January 3, 2019, Plaintiff filed a Complaint in Los Angeles County Superior Court, alleging Defendants "discriminat[ed] against plaintiff, in whole or in part on the basis of plaintiff's disability/medical condition (actual, perceived, and/or history of physical disability) and/or age." (*Id.* ¶ 1; Compl. ¶ 19a.) Plaintiff alleges that Defendants' "willful, knowing, and intentional discrimination, harassment, and retaliation against plaintiff" caused him to suffer "substantial losses of earnings" and "other employment benefits." (Compl. ¶ 21.)

Based on these allegations, the Complaint asserts seven causes of action: (1) violation of the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900, *et seq.*; (2) breach of express oral contract not to terminate employment without good cause; (3) breach of implied-in-fact contract not to terminate employment without good cause; (4) negligent hiring, supervision, and retention; (5) wrongful termination in violation of public policy; (6) violation of California Labor Code section 1102.5; and (7) intentional infliction of emotional distress ("IIED"). (*Id.* at 7-13.) Plaintiff seeks compensatory damages, punitive damages, declaratory relief, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest. (*Id.* at 14.)

On January 17, 2019, Defendants were served with the summons and complaint. (NOR ¶ 3.) Defendants timely removed this action to this Court based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. (*See generally* NOR.) Specifically, Defendants assert that Plaintiff's claims are preempted by section 301 of the Labor Management Relations Act ("LMRA"). Now, Plaintiff moves to

remand this action to state court.

## II. LEGAL STANDARD

### A. Removal

As courts of limited jurisdiction, federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action filed in state court to federal court if it presents a federal question or is between citizens of different states and involves an amount in controversy over $75,000. 28 U.S.C. § 1441(a). A case presents a "federal question" if a claim arises under the Constitution, laws, or treaties of the United States. *Id.* § 1331.

"The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### B. LMRA Preemption

Pursuant to section 301(a) of the LMRA, federal district courts have original jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). "Section 301 governs claims that involve right(s) granted to an employee solely based on a collective bargaining agreement or right(s) that are 'substantially dependent' on a [collective bargaining agreement]." *Partida v. Stater Bros. Markets*, No. ED CV 18-02600 SJO (KKx), 2019 WL 351874, at *2 (C.D. Cal. Jan. 29, 2019) (quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1033 (9th Cir. 2016)). This "ensure[s] uniform interpretation of collective-bargaining agreements" and promotes the "consistent resolution of labor-management disputes." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 404 (1988) (citing *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103 (1962)). The LMRA preempts a state

1  law claim if it is so "inextricably intertwined" with the terms of a CBA that its
2  resolution requires interpretation of those terms. *Id.* at 413.

3  However, state law claims "with no other relationship to a collective-bargaining
4  agreement beyond the fact that they are asserted by an individual covered by a CBA
5  are not preempted by Section 301." *Partida*, 2019 WL 351874, at *3 (citing
6  *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for So. Cal.*, 463 U.S. 1, 25
7  (1983)). If state law rights can be enforced without interpreting the terms of the CBA,
8  a claim based on those rights is not preempted by Section 301. *See Caterpillar, Inc. v.*
9  *Williams*, 482 U.S. 386, 391 (1987).

## III. DISCUSSION

Plaintiff moves to remand this action to Los Angeles County Superior Court on the ground that his claims are not preempted by the CBA and therefore does not present a federal question.[1] The Court must first determine whether Plaintiff's claims are "inextricably intertwined" with the CBA. *Lingle*, 486 U.S. at 402; *see Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985). Second, the Court must determine whether to exercise supplemental jurisdiction over Plaintiff's state law claims.

### A. LMRA Preemption Requirements

"[T]he preemptive force of [S]ection 301 is so powerful as to displace entirely any state claims based on a collective bargaining agreement, and any state claim whose outcome depends on analysis of the terms of the agreement." *Young v.*

---

[1] Plaintiff's counsel failed to meet and confer prior to filing this Motion in violation of Local Rule 7-3, despite having been admonished for ignoring this requirement in *Tipton v. Airport Terminal Services, Inc.*, No. 2:18-cv-09503-AB (JEMx) and *Fisher v. HNTB Corp.*, No. 2:18-cv-08173-AB (MRWx). The Local Rules are not optional. Although the Court, in its discretion, will nonetheless rule of the merits of the dispute to determine whether it has jurisdiction, the Court warns Plaintiff's counsel that any future failure to engage in the required meet-and-confer process will result in appropriate sanctions. Plaintiff's counsel is **ORDERED** to inform every attorney at Shegerian & Associates, Inc. that if they fail to engage in the required meet-and-confer process *in any case* before this Court, the Court will deny the Motion outright.

*Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (citations omitted). In *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053 (9th Cir. 2007), the Ninth Circuit articulated a two-part test to determine whether a state law cause of action is preempted by Section 301. First, the court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted." *Id.* at 1059. Second, if the right exists independently of the CBA, the Court "must still consider whether it is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'" *Id.* (citing *Caterpillar, Inc.*, 482 U.S. at 394). "If such dependence exists, then the claim is preempted by [S]ection 301; if not, then the claim can proceed under state law." *Id.* at 1059-60 (citations omitted). If "there is no dispute over the meaning of any terms within the [CBA], resolution of the central issue . . . does not depend on interpretation of the [CBA]." *Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1203 (9th Cir. 2007).

### B. Plaintiff's Breach of Express Oral And Implied-In-Fact Contract Claims Are Preempted.

Plaintiff's contract claims are preempted by section 301. Plaintiff alleges in his complaint that his employer, independent of the CBA, expressly or impliedly agreed that he would not be terminated absent good cause.

The CBA provides that "the Employer may suspect, discharge, or otherwise discipline employees for just cause" and that the "Employer retains the exclusive right to manage the operations of the employer and to direct the working force. Among those exclusive rights . . . is the right to . . . discharge for just cause." (Dkt. No. 17-2, §§ VII, art. 7A; *id.* § XXXVIII, art. 38.) The CBA further provides that Plaintiff's employment is "governed exclusively by and limited to the terms and provisions of the Agreement" and that "[n]o addition to, alteration, modification, practice or waiver of any term, provision, covenant or condition or restriction of th[e] Agreement shall be valid, binding, or of any force or effect unless made in writing and executed by the

5

Employer and the Union." (*Id.* § XLIV, art. 44.)

Here, the terms and conditions of Plaintiff's employment are fully set forth in the CBA. *See Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1286 (9th Cir. 1989) ("A claim based upon an independent employment contract is not completely preempted if it concerns a job not governed by a collective bargaining agreement."). Plaintiff's express oral and implied-in-fact contract claims are inextricably intertwined with and substantially dependent on an interpretation of the CBA. Plaintiff's union waived express oral and implied-in-fact guarantees of job protection. Because Plaintiff's second and third causes of action "concern[ ] a job position governed by the collective bargaining agreement" they are preempted by section 301 of the LMRA, providing the Court with original federal jurisdiction.[2] *Id.*; 28 U.S.C. § 1331.

The Court finds that Plaintiff's remaining claims are within the supplemental jurisdiction of this Court. *See Brown v. Brotman Med. Ctr., Inc.*, 571 F. App'x 572, 576 (9th Cir. 2014) ("[A] district court may exercise supplemental jurisdiction over claims that are brought in conjunction with claims that are preempted by the LMRA."). Thus, to the extent that Plaintiff's remaining claims fall outside the scope of preemption, the Court exercises supplemental jurisdiction.

//
//
//
//

---

[2] In his reply, Plaintiff agreed to dismiss all of his preempted claims, specifically his claims for breach of express oral and implied-in-fact contract claims not to terminate employment without good cause, such that only state law claims remain. But, as of the date of this Order, Plaintiff has not filed an amended complaint. Nor has he voluntarily dismissed the claims implicating federal question jurisdiction. If Plaintiff files a first amended complaint that does not assert any preempted claims and asserts only state law claims, Plaintiff must file a status report that references this Order. The Court notes that it is inclined to remand the case sua sponte if Plaintiff dismisses his claims for breach of oral contract and breach of implied-in-fact contract because the remaining claims are not preempted by the LMRA.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand. If Plaintiff files an amended complaint with only non-preempted state law claims, he must file a status report informing the Court that it lacks subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: May 1, 2019

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE